

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Arturo ZAVALA,

        Defendant.

'18 CR5022 LAB

Case No.: 18MJ11043

FINDINGS OF FACT AND ORDER OF DETENTION

In accordance with 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on October 24, 2018 to determine whether defendant, Arturo ZAVALA (ZAVALA), should be held in custody pending trial on the grounds that he is a flight risk. Special Assistant U.S. Attorney Kaitlin Tracey appeared on behalf of the United States. James Johnson of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' officer, and the criminal complaint issued against the Defendant on October 24, 2018, by this Court, the Court concludes that the following facts establish by a

preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

I

**FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)</u>:

    1. The Defendant is charged in the criminal complaint with Bulk Cash Smuggling, in violation of Title 31 United States Code, Section 5332.

    2. The charged offense is an offense punishable by a maximum term of imprisonment of 5 years.

    3. According to the United States Sentencing Guidelines, the Adjusted Offense level is 24, See USSG § 2S1.3/2B1.1(b)(1)(I). Assuming the Defendant's criminal history score places her in Criminal History Category I, see USSG § 4A1.1. The sentencing range for the Defendant is 51-63 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)</u>:

On October 24, 2018, U.S. Customs and Border Protection Officers conducted an outbound vehicle inspection at the Calexico, California West Port of entry when they encountered Arturo ZAVALA (ZAVALA) attempting to enter Mexicali, Baja California, Mexico, in a Ford F-150 bearing California license plates

After being escorted to secondary inspection, a pat down on ZAVALA revealed he was in possession of $3,164 dollars in U.S. Currency. Further inspection of ZAVALA's vehicle revealed $49,000 dollars U.S Currency in a non-factory compartment in the dashboard of the vehicle. The combined total of U.S. currency located on ZAVALA's person and in the vehicle was $52,164.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3)</u>:

    1. The Defendant is a United States Citizen.

    2. The Defendant resides in Coachella, California.

    3. Defendant has the following criminal history;

        11/08/06 21U.S.C., Sections 952,960-37 months in custody

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

1. The charged crime is bulk cash smuggling of more than $10,000 dollars in United States currency, and this case involves a significant sum of money, $52,164. The government did not proffer other evidence suggesting that release of the Defendant would pose a danger to any person or the community.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offenses charged in Southern District of California, complaint No. 18MJ11043.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the complaint.

C. Defendant was the driver of a vehicle containing a substantial amount of U.S. currency, to wit, $52,164.

D. Thus the Court finds that the Government has sustained its burden of demonstrating, by a preponderance of the evidence, that the Defendant is a risk of flight and that there are no conditions or combination of conditions that it could set that would ensure Defendant's appearance for future court appearances.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in

connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 11/28/18

_____
RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

Prepared by:

ADAM L BRAVERMAN
United States Attorney

_____
Kaitlin Tracey
Special Assistant U.S. Attorney

cc: James Johnson
    Federal Defenders of San Diego, Inc.